IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARTURO NERI PRADO #1421957 | § | |
| | § | |
| V. | § | A-12-CA-123-LY |
| | § | |
| CITY OF FREDERICKSBURG POLICE | § | |
| DEPT., GORDAN DALE GIPSON, | § | |
| MIKE COLWELL, ROBERT | § | |
| GOODRICH, KEVIN W. CARTER, | § | |
| CLINT STEWART, and BILLY JIVIDEN | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff is serving a 43-year sentence for aggravated assault. Plaintiff committed the offense on November 27, 2003, and complains excessive force was used during his arrest. He sues the City of Fredericksburg Police Department, Gordan Dale Gipson, Mike Colwell, Robert Goodrich, Kevin W.

Carter, Clint Steward, and Billy Jividen. He seeks $3,700,000 in compensatory damages and $24,700,000 in punitive damages.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.   Res Judicata

Plaintiff's claims are barred by res judicata. The doctrine of res judicata, read in the broad sense of the term, embraces two distinct preclusion concepts: claim preclusion (often termed "res judicata") and issue preclusion (often referred to as "collateral estoppel"). United States of America v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994) (citing Migra v. Warren City School Dist. Bd. Of Education, 465 U.S. 75, 77 n.1, 104 S. Ct. 892, 894 (1984). As the Shanbaum court explained, claim preclusion, or "pure" res judicata, is the "venerable legal canon" that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits.

Id. (citing Medina v. I.N.S., 993 F.2d 499, 503 (5th Cir. 1993)). Claim preclusion is appropriate only if four conditions are satisfied. Id. First, the parties in a later action must be identical to (or at least be in privity with) the parties in a prior action. Id. Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction. Id. Third, the prior action must have concluded with a final judgment on the merits. Id. Fourth, the same claim or cause of action must be involved in both suits. Id. (citing Eubanks v. Federal Deposit Ins. Corp., 977 F.2d 166, 169 (5th Cir. 1992)). If these conditions are satisfied, claim preclusion prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action. Id. (citing In re Howe, 913 F.2d 1138, 1144 (5th Cir. 1990)).

Plaintiff filed a lawsuit in state court on July 7, 2008, suing the same defendants as named in this action and raising the same claims. The state trial court granted the defendants' motion for summary judgment based on limitations. The trial court's order was affirmed on March 30, 2011. Prado v. City of Fredericksburg Police Dep't, No. 04-10-00565-CV, 2011 WL 1158368 (Tex. App. – San Antonio 2011). In the instant case, Plaintiff raises the same claims raised and rejected by a court of competent jurisdiction in his state court lawsuit. The individual defendants in this lawsuit were defendants in the state court lawsuit. The state court lawsuit concluded with a final judgment on the merits. Therefore, all of the claims in the instant case are barred by res judicata.

    C.    Limitations

Moreover, as explained by the state court, Plaintiff's claims are barred by the applicable statute of limitations. There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir.

1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Plaintiff knew the factual basis of his claims at the time of his arrest on November 27, 2003. Plaintiff's federal lawsuit was filed more than eight years after his arrest and is time-barred.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as barred by res judicata or be dismissed with prejudice as time-barred pursuant 28 U.S.C. § 1915(e).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of February, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE